Barker, J.
The parties were co-partners doing business as brewers under the firm name of “The Nunda Brewery Company,” and on the 22d day of March, 1887, by an agreement in writing they dissolved the co-partnership. At that time, they were the owners, as co-partners, of real estate, personal property, bills receivable, and were indebted to others, and among them one Gould, in the sum of $6,818. It was agreed in the articles of dissolution, that the plaintiff should convey all his interest in the real estate, the stock and materials on hand and other articles of personal property specifically mentioned in the agreement, to the defendant, and in consideration of such sale and transfer the defendant agreed to pay the liabilities of the firm then due and owing to Gould, stating the amount to be $6,818. The sale did not embrace the debts due and owing to the company and there was a stipulation that they should be collected and the proceeds appropriated to paying their outstanding liabilities other than the debt due Gould. There was a further stipulation, that if, on the collection of all the debts and the application of the proceeds to the payment of the co-partnership debts excluding the debt due Gould the surplus, if any, should be equally divided between the parties.
There was a special promise on the part of the defendant,, .that he would pay the debt due Gould and save the plaintiff harmless, from the payment of the same or any part thereof. The defendant did not pay the Gould debt in full. and suit was brought thereon against the parties, and a *93 judgment recovered and the plaintiff was compelled to pay thereon the sum for which the judgment was ordered in this action.
The only defense interposed is, that by the terms of the second agreement, the defendant was released from his covenant contained in the first agreement, to pay and discharge the indebtedness to Gould.
We are unable to discover any intention, to alter or change the terms of the first agreement, by which the plaintiff conveyed all his interest in the real estate and the personal property connected with the business to the defendant or to release him from his promise to pay the Gould debt. The second agreement makes no reference to the special promise of the defendant to pay that debt or to cancel the plaintiff’s agreement, to convey the real estate and personal property to the defendant. After the execution of the first agreement'there were unsettled matters connected with the business which entitled either party to an accounting, and it is obvious that the object and purpose of the second agreement was to completely wind up and terminate as between themselves, all unsettled matters connected with the co-partnership, and that the defendant released his interest in the notes, accounts and demands due and owing to the firm.
It does not appear, at the time the last agreement was made, that there were any debts or demands owing by the firm except so much as remained unpaid to Mr. Gould.
We think the direction of the trial judge was proper, and the motion for a new trial should be denied with costs, and judgment ordered for the plaintiff upon the verdict.
All concur.